IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 22-mc-00068-CMA

HOWMEDICA OSTEONICS CORP., a New Jersey Corporation,

    Plaintiff,

v.

MORGAN SCHILLING, an individual,

    Defendant.

## ORDER GRANTING MOTION TO QUASH SUBPOENA

This matter is before the Court on nonparty Elias Petrides's Motion to Quash Subpoena. (Doc. # 1.) For the reasons that follow, the motion is granted.

This subpoena stems from an action in the District of New Jersey, where Howmedica Osteonics Corp., through its Stryker Orthopaedics division ("Stryker"), is suing former Stryker employee Morgan Schilling for breaches of his non-compete and fiduciary duties. (Doc. # 8 at 1.) Schilling served as a trauma sales manager for Stryker, with managerial responsibility over ORP Surgical, LLC ("ORP"), until Schilling resigned on August 6, 2019. (*Id.* at 3.) Stryker alleges that Schilling was "effectively serving as a double-agent" on behalf of ORP while he was employed at Stryker and that he violated his non-compete agreement by working on ORP's behalf after he left Stryker.[1] (*Id.*; Doc.

---

[1] ORP filed suit against Stryker in this District in May 2020, in a case before the Honorable R. Brooke Jackson, and Stryker filed counter claims against ORP. *See ORP Surgical, LLC v.*

# 1 at 1.) As such, Stryker seeks texts, instant messages, and other communications between and relating to Schilling and nonparty Elias Petrides, who is the principal of ORP. (Doc. # 1 at 1–2.) Specifically, Stryker seeks production of the following four categories of documents:

1. Any and all text messages exchanged by or between Schilling and Petrides, including any group texts in which Schilling and Petrides were participants, from January 1, 2016 through December 31, 2020.

2. Any and all instant messages exchanged by or between Schilling and Petrides, including any group texts in which Schilling and Petrides were participants, from January 1, 2016 through December 31, 2020.

3. Any and all Documents and Communications by or between Schilling and Petrides, from January 1, 2016 through December 31, 2020, related to the sale of medical device products, including but not limited to, Stryker, Acumed, Additive, Illuminoss, or Segway.

4. All Documents and Communications from January 1, 2016 to December 31, 2020 related to Schilling, or any company owned and/or managed by Schilling, including, but not limited to Rubicon Surgical, LLC, receiving financial compensation or any type of remuneration from or on behalf of Petrides or any company owned and/or managed by Petrides.

(Doc. # 1-1 at 8–9.)

---

*Howmedica Osteonics Corp.*, No. 20-cv-01450-RBJ, 2022 WL 1468115, at *3 (D. Colo. May 10, 2022) (entering findings of fact and conclusions of law).

The subpoena was issued on April 14, 2022, and it was served on Petrides on April 18, 2022. (Doc. # 1 at 2.) It demands that the documents be produced on or before April 22, 2022, at 9:00 a.m. (*Id.*) Thus, Petrides was allowed only four days to comply.

On April 22, 2022, Petrides filed the instant Motion to Quash.[2] (Doc. # 1.) Therein, Petrides argues that the subpoena is defective because it (1) does not allow Petrides reasonable time to fully comply and must therefore be quashed pursuant to Fed. R. Civ. P. 45(d)(3)(A)(i); (2) is duplicative and unduly burdensome because Stryker "could have, and almost certainly has" obtained the same information from Schilling; (3) is duplicative of documents Stryker already subpoenaed from ORP and/or obtained in other cases; and (4) is "vastly overbroad and unduly burdensome." (Doc. # 1 at 2–3.)

The Court agrees with Petrides that the subpoena must be quashed for failure to allow reasonable time for compliance. Federal Rule of Civil Procedure 45(d)(3)(A) provides that the Court "**must** quash or modify a subpoena" that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i) (emphasis added). This District's Local Rules further provide that "unless otherwise ordered by the court, a subpoena shall be served no later than **seven days** before the date specified in the subpoena." D.C.COLO.LCivR 45.1 (emphasis added). The Court finds that four days—from April 18, when Petrides was served, to April 22 at 9:00 a.m.—is simply an unreasonable amount of time for Petrides to comply with producing the categories of

---

[2] The Court granted the Motion to Quash on May 10, 2022 (Doc. # 2), and Stryker filed a Motion for Reconsideration on May 13, 2022 (Doc. # 4). Upon reviewing Stryker's Motion and attached Response, the Court granted Stryker's Motion to Reconsider, vacated its May 10, 2022 Order, and set a briefing schedule for the Motion to Quash. (Doc. # 5.)

documents requested in the subpoena. *See United States v. Christensen*, No. CV-20-8152-PCT-DGC (DMF), 2020 WL 6545135, at *2 (D. Ariz. Nov. 6, 2020) (granting a motion to quash on the grounds that a "four-day period is not a reasonable amount of time for Defendant to comply"); *see also Fed. Trade Comm'n v. Thomas Jefferson Univ.*, No. 20-01113, 2020 WL 3034809, at *3 (E.D. Pa. June 5, 2020) ("What is considered a 'reasonable time to comply' with a subpoena is a flexible standard, but courts generally 'consider fourteen days from the date of service to be presumptively reasonable.'" (internal quotation marks and citation omitted)). Accordingly, the Court grants the Motion to Quash Subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A)(i).[3]

For the foregoing reasons, it is ORDERED that nonparty Elias Petrides's Motion to Quash Subpoena (Doc. # 1) is GRANTED.

Accordingly, the subpoena issued to nonparty Elias Petrides by Plaintiff Howmedica Osteonics Corp. is QUASHED.

DATED:  July 14, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[3] Because the Court determines that the subpoena must be quashed for failure to allow to a reasonable time to comply, the Court expresses no opinion on Petrides's remaining objections to the subpoena.